UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JAMES MATTHEW LUCENTE,

        Plaintiff,

    v.                            CAUSE NO. 3:21-CV-725-DRL-MGG

EIECMAN,

        Defendant.

<u>OPINION AND ORDER</u>

James Matthew Lucente, a prisoner without a lawyer, filed a complaint against Dr. Eiecman alleging he received inadequate medical care for his serious mental illness. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

Mr. Lucente, who is housed at the Westville Correctional Facility, alleges he suffers from a serious mental illness, including anxiety and depression. ECF 1 at 2. He states that when he arrived at Westville on January 1, 2020, he was prescribed Zyprexa, Cymbalta, and Cogentin, which were the same medications he took when he was housed at the Reception Diagnostic Center and St. Joseph County Jail. *Id*. Mr. Lucente explains that, during the past twenty years, he has been treated with a number of medications for his

mental illness, including Ritalin, Thorzin, Artane, Risperdal, Haldol, and Remeron. *Id*. These medications are documented in his medical records and help to control his symptoms. *Id*.

Mr. Lucente alleges that on April 16, 2020, Dr. Eiecman discontinued his medication, which caused him to have suicidal and homicidal thoughts. *Id*. Without his medications, Mr. Lucente acted out, was written up on disciplinary charges, used drugs, lashed out at several prison officers, and had his ribs broken and face smashed against concrete walls numerous times. *Id*. at 2-3. He told Dr. Eiecman about his difficulties, including his drug use, suicidal thoughts, and dealing with his father passing away in November 2020, but she still refused to prescribe any medication for his documented serious mental illness. *Id*. at 3. Mr. Lucente asserts he was not able to participate in the Recovery While Incarcerated Program because he could not get the medication he needed for his illness. *Id*. As a result, Dr. Eiecman caused him pain and suffering, and his post-traumatic stress disorder worsened. *Id*.

Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the

defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005).

For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). Giving Mr. Lucente the inferences to which he is entitled at this stage of the proceedings, he has alleged a plausible Eighth Amendment claim against Dr. Eiecman for failing to provide him with constitutionally adequate medical care by discontinuing the medications used to treat his mental illness.[1]

For these reasons, the court:

(1) GRANTS James Matthew Lucente leave to proceed against Dr. Eiecman in her individual capacity for compensatory and punitive damages for failing to provide him with constitutionally adequate medical care by discontinuing the medications used to treat his mental illness on April 16, 2020, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

---

[1] Mr. Lucente asserts that Dr. Eiecman violated his Fourteenth Amendment rights when she discontinued the medications used to treat his mental illness. ECF 1 at 3. However, because Mr. Lucente is a convicted prisoner who is serving a sentence, his claim is governed by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

(3) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Dr. Eiecman at Wexford of Indiana, LLC, with a copy of this order and the complaint (ECF 1);

(4) ORDERS Wexford of Indiana, LLC, to provide the full name, date of birth, and last known home address of the defendant if she does not waive service if it has such information; and

(5) ORDERS, under 42 U.S.C. § 1997e(g)(2), Dr. Eiecman to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

April 5, 2022                                    *s/ Damon R. Leichty*
                                                Judge, United States District Court